IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:21-CV-30-FL

| | | |
|---|---|---|
| MICHAEL WAYNE HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MARTIN GENERAL HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the Memorandum and Recommendation (M&R) of United States Magistrate Judge Robert T. Numbers, II, regarding frivolity review of plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B). (DE 8). Pro se plaintiff timely objected to the M&R, which recommends dismissal of plaintiff's complaint in its entirety. In this posture, the issues raised are ripe for ruling.

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or

1

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, the magistrate judge correctly determined that plaintiff's claim must be dismissed because it is premised upon a statute that does not provide a private right of action. See N.C. Gen. Stat. § 8-45.5. Accordingly, the court adopts the analysis in the M&R as its own. The court writes separately to augment the analysis of the M&R, in light of plaintiff's objection wherein he suggests that he wishes to assert a claim for fraudulent misrepresentation.

As a threshold matter, plaintiff has not alleged facts that establish jurisdiction. Plaintiff asserts diversity jurisdiction. However, plaintiff has not alleged facts permitting an inference that the amount in controversy is greater than $75,000.00. See 28 U.S.C. §1332(a). Therefore, the complaint must be dismissed on this additional basis. See JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010)

In addition, and in the alternative, plaintiff has not alleged facts to support a fraud claim. Under the Federal Rules of Civil Procedure, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "The Rule 9(b) standard requires a party to, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Bakery & Confectionary Union & Indus. Int'l Pension Fund v. Just Born II, Inc., 888 F.3d 696, 705 (4th Cir. 2018). Here, plaintiff alleges, "In midafternoon on October 20th

2013 at Martin General Hospital, I was handed a blank form and told to sign it." (Compl. (DE 9) at 2). This fails to state a claim for fraud because it does not provide the "contents of the false representation[], as well as the identity of the person making the misrepresentation and what he obtained thereby." Bakery, 888 F.3d at 705. Accordingly, plaintiff's claim must be dismissed on this additional basis.

Finally, the complaint must be dismissed due to the running of the statute of limitations, demonstrated on the face of the complaint, where it states that the alleged conduct took place in 2013, well outside of the three-year limitations period. See Forbis v. Neal, 361 N.C. 519, 524, (2007).

## CONCLUSION

Based on the foregoing, upon de novo review, the court ADOPTS as its own the M&R (DE 8). Plaintiff's complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e). The clerk is DIRECTED to close this case.

SO ORDERED, this the 29th day of June, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge